**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

S.M.,

                            Civil No. 26-639 (JRT/DTS)

              Petitioner,

v.

TODD BLANCHE*, Acting Attorney General of the United States*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,

              Respondents.

CHRISTIAN A.S.C.,

                      Petitioner,

v.

TODD BLANCHE, *Acting Attorney General of the United States*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; MARY DE ANDA-YBARRA, *Director, El Paso Field Office, Immigration and Customs Enforcement*; and WARDEN, *Director of the El Paso Camp East Montana*,

                      Respondents.

Civil No. 26-778 (JRT/LIB)

RIKY A.M.L.,

                      Petitioner,

v.

TODD BLANCHE, *Acting Attorney General of the United States*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; and TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*,

                      Respondents.

Civil No. 26-1429 (JRT/JFD)

2

**MEMORANDUM OPINION AND ORDER DISMISSING CASES**

Beginning in late 2025 and continuing into the early months of 2026, the federal government deployed more than 3,000 federal immigration agents across the state of Minnesota.  As part of this "Operation Metro Surge," thousands of Minnesota residents were arrested and detained—and many were rapidly transferred out of the state to detention facilities across the country.[1]  Thousands of individuals sought habeas relief in federal court stemming from these arrests.[2]  In the above-captioned cases, Petitioners filed habeas petitions challenging the lawfulness of their arrest and detention.[3]  In each case, after the Court ordered Petitioners' release from custody, Respondents failed to return personal property that had been confiscated from Petitioners upon their arrest—including identification documents, phones, and other items.

On March 5, 2026, the Court held a consolidated hearing for the three above-captioned cases and two others (Civ. No. 26-424, *J.B.C.O. v. Bondi* and Civ. No. 26-832,

---

[1] *See generally* Jeff Day and Ryan Faircloth, *Reckoning, Retribution and Resistance*, Minnesota Star Tribune, Apr. 5, 2026, at A1, *available at* https://www.startribune.com/reckoning-retribution-and-resistance-the-behind-the-scenes-story-of-operation-metro-surge/601583420 (last accessed on June 5, 2026) [https://perma.cc/5ETT-KW8X].

[2] *See generally* Max Nesternak, *Lawyers filed over 1,000 lawsuits challenging immigrant detentions during Operation Metro Surge*, Minnesota Reformer (Feb. 19, 2026), https://minnesotareformer.com/2026/02/19/lawyers-filed-over-1000-lawsuits-challenging-immigrant-detentions-during-operation-metro-surge/ (last accessed June 5, 2026) [https://perma.cc/3XPY-ARJ2].

[3] While this Order concerns issues related to Petitioners' physical property, the factual and procedural history relating to Petitioners' arrests may be found in previous Orders in each respective case.

*Rosmary N.A. v. Easterwood*) to address Respondents' ongoing failure to comply with the Court's orders to return all of Petitioners' property. Each Petitioner had counsel present to speak on their behalf. U.S. Attorney for the District of Minnesota Daniel Rosen and a representative from the St. Paul Field Office of U.S. Immigration and Customs Enforcement spoke on behalf of Respondents. Respondents indicated their intent to continue searching for Petitioners' property and committed to fulfill any claims for lost property that Petitioners wished to file under the Federal Tort Claims Act (FTCA).

Following the hearing, the Court issued an Order directing Respondents to: (1) facilitate the replacement of any missing employee authorization documents; (2) "facilitate and reimburse all FTCA claims submitted by Petitioners" for lost property; and (3) return any physical property that is ultimately found. *J.B.C.O. v. Bondi*, Civ. No. 26-424, 2026 WL 638455, at *6 (D. Minn. Mar. 6, 2026). The Court stated that "[a]bsent prompt resolution of Petitioners' property claims, the Court will issue a further order to show cause regarding the necessity of daily civil fines to ensure compliance" with the Court's orders. *Id.* The Court also scheduled a hearing for 30 days after the issuance of the Court's March 6 Order. *Id.*

Thereafter, the parties kept the Court appraised of Respondents' ongoing efforts to remedy Petitioners' property issues, and the Court twice continued further proceedings.

The parties have now represented to the Court that all disputes relating to Petitioners' property have been resolved.

4

- In *J.B.C.O. v. Bondi*, Respondents returned some of the Petitioners' identification documents and facilitated the replacement of one of the other Petitioner's employment authorization documents.  (*See* Civ. No. 26-424, Docket No. 36.) Judgment has been entered in that case.

- In *S.M. v. Bondi*, Petitioner's personal belongings were eventually returned, but she submitted an FTCA claim relating to the costs imposed by her detention, including those related to her lack of access to her cell phone (which was not returned until weeks after she had been released from custody).  The parties have advised the Court that Petitioner has received payment.  (*See* Civ. No. 26-639, Docket No. 54.)

- In *Christian A.S.C. v. Bondi*, Petitioner's missing identification documents were eventually located and returned to Petitioner but only after he had been without any identity document or his driver's license for weeks.  (*See* Civ. No. 26-778, Docket No. 18.)  Petitioner Christian A.S.C. also submitted an FTCA claim relating to his detention, and the parties have advised the Court that Petitioner has received payment. (*See* Civ. No. 26-778, Docket No. 36.)

- In *Rosmary N.A. v. Easterwood*, a backpack containing Petitioner's belongings (including a phone, watch, and other items) was finally returned to her.  (*See* Civ. No. 26-832, Docket No. 33.)   While Petitioner Rosmary N.A. reported $42 in currency was missing from the backpack, Petitioner did not file an FTCA claim

following the Court's March 6, 2026 Order.  Judgment has been entered in that case.

- In *Riky A.M.L. v. Bondi*, Respondents returned Petitioner's social security card and facilitated the replacement of Petitioner's employment authorization document. (*See* Civ. No. 26-1429, Docket No. 19.)  Petitioner Riky A.M.L. also filed an FTCA claim stemming from his detention seeking compensation for tools lost by Respondents—tools that he needed to perform his job.  The parties have advised the Court that Petitioner has received payment.  (Civ. No. 26-1429, Docket No. 39.)

Because no ongoing issues related to Respondents compliance with this Court's orders remain, the Court will enter judgment in the remaining open cases (Civil Nos. 26-639, 26-778, and 26-1429).

The Court remains troubled that its intervention was necessary to compel compliance with its orders, and to ensure the safety, liberty, and well-being of persons who were subject to unlawful arrest and detention.  The Court regrets the hardship imposed on Petitioners by the United States Government.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Civil Cases 26-639, 26-778, and 26-1429 shall be closed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 8, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge