**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RIKY A.M.L.,

                    Petitioner,

v.

TODD BLANCHE, *Acting United States Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; and

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*,

                    Respondents.

Civil No. 26-1429 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**

---

Joshua J Rissman, **GUSTAFSON GLUEK PLLC**, Canadian Pacific Plaza, 120 South Sixth Street, Suite 2600,Minneapolis, MN 55402, for Petitioner.

David W. Fuller and David R. Hackworthy, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

In February 2026, the Court granted Petitioner Riky A.M.L.'s Petition for Writ of Habeas Corpus and ordered his immediate release.  Petitioner now seeks to recover $27,743.60 in costs and attorney's fees under the Equal Access to Justice Act ("EAJA").  Respondents oppose the award or, alternatively, seek a reduction in the requested costs and fees.  Because the Court concludes that the Respondents' position was not

substantially justified in all aspects of the law and the agency conduct that led to some of the requested costs and fees had no reasonable basis in fact, the Court will grant the Petitioner's request in part.

**BACKGROUND**

**I.    FACTS**

Many of the facts relevant to this Motion for Attorney's Fees are set forth in the Court's prior orders, including: the Court's order granting habeas relief, *Riky A.M.L. v. Bondi*, Civ. No. 26-1429, 2026 WL 452419 (D. Minn. Feb. 17, 2026); the Court's order addressing Respondents' failure to return Petitioner's property, *J.B.C.O. v. Bondi*, Civ. No. 26-1429, 2026 WL 638455 (D. Minn. Mar. 6, 2026); and the Court's order closing the case, *S.M. v. Blanche*, Civ. No. 26-1429, 2026 WL 1673573 (D. Minn. June 9, 2026).  The Court will recount certain core facts here.

Petitioner Riky A.M.L., the holder of a valid work permit and social security card, was detained by Respondents in January 2026 and was immediately moved out of Minnesota.  *Riky A.M.L.*, 2026 WL 452419 at *1.  Petitioner sought habeas relief, alleging violations of the Due Process Clause of the Fifth Amendment to the United States Constitution (Verified Pet. for Writ of Habeas Corpus ¶¶ 48–64, Feb. 13, 2026, Docket No. 1); the Immigration and Nationality Act (*id.* ¶¶ 65–71); and the Fourth Amendment to the United States Constitution (*id.* ¶¶ 72–81).  Respondents relied on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention, and the Court rejected that justification, concluding that § 1225(b)(2) does not authorize the mandatory detention of an individual already present

in the United States. *Riky A.M.L.*, 2026 WL 452419 at *1. The Court ordered the release of Petitioner and further ordered that "Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and without conditions such as location tracking devices." *Id.* at *2.

Petitioner was timely released, but Respondents failed to return all of the personal effects in his possession when he was arrested, including a nail gun, over $100 in cash, his social security card, and his work authorization card. (Pet.'s Status Report, Feb. 20, 2026, Docket No. 8.)

On March 2, 2026, the Court issued an Order stating that Respondents had violated the Court's direction to return Petitioner's property and ordered the immediate return of the property. (Order, March 2, 2026, Docket No. 10.) The next day, the Court scheduled a hearing for March 5, 2026, ordering the parties to appear and provide status updates in this and other cases where Petitioners had been granted habeas relief but had been released without all their personal property in violation of the Court's orders. (Order, March 3, 2026, Docket No. 11.)

On March 4, 2026, Respondents informed the Court "that Petitioner's social security card had been located and was being transported back to Minnesota from Texas but that 'ICE is still actively working on locating the remaining property[.]'" *J.B.C.O. v. Bondi*, 2026 WL 638455 at*3. After the March 5 hearing, the Court ordered "Respondents to swiftly remedy their ongoing violations of the Court's orders" by assisting Petitioner's

counsel with submission of a claim under the Federal Tort Claims Act or by facilitating the replacement, without fees, of Petitioner's Employment Authorization Document. *Id.* at *6.

Petitioner's Employment Authorization Document was eventually found (*see* Federal Respondents' Status Report, Apr. 3, 2026, Docket No. 21), and Petitioner also filed an FTCA claim stemming from his detention seeking compensation for tools lost by Respondents—tools that were required for Petitioner's job as a roofer, *S.M.*, 2026 WL 1673573 at *2.  Petitioner was eventually compensated for those lost tools.  (*See* Joint Status Update, May 29, 2026, Docket No. 39.)

## II.     PROCEDURAL HISTORY

On May 18, 2026, Petitioner moved for costs and attorney's fees pursuant to the EAJA.  (Docket No. 32.)  Petitioner's counsel represented that "Petitioner's attorney and law firm dedicated 66.50 hours to prosecuting this action" and requested an award of $17,784.44.  (Mem. in Supp. of EAJA Mot. at 3, 7, May 18, 2026, Docket No. 34.)

Respondents opposed Petitioner's request, arguing that EAJA fees are not available in immigration habeas proceedings.  (Resp. in. Oppos., June 1, 2026, Docket No. 41.)  In the alternative, Respondents asked the Court to reduce the amount of fees by $10,000, arguing that Petitioner's fee request was excessive and redundant.  (*See id.* at 13–14.)

Petitioner sought leave to file a reply (*see* Mot. Leave, June 15, 2026, Docket No. 45) which the Court granted (*see* Order, June 17, 2026, Docket No. 48).  In his reply,

Petitioner sought to amend his fee request to include $9,959.16 in fees related to preparing the Reply, resulting in a total request under the EAJA of $27,743.60.  (*See* Reply, June 23, 2026, Docket No. 49.)

Respondents moved to strike Petitioner's reply or for leave to file a sur-reply.  (*See* Mot. Strike, June 26, 2026, Docket No. 51.)  Petitioner's counsel opposes Respondents' motion to strike.

**DISCUSSION**

## I.   STANDARD OF REVIEW

Under the EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees and expenses unless the United States' position was substantially justified, or special circumstances would make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The Government's "position" includes both its position taken in the litigation and the underlying government agency conduct that led to the action.  *See* 28 U.S.C. § 2412(d)(2)(D).  A substantially justified position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

If an award is appropriate under the EAJA, the fees awarded must be "reasonable and necessary."  *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (citation omitted).  The party seeking an award must provide evidence to support the reasonableness of the fees, both as to the hourly rate and the hours worked and should "exclude from a fee

request hours that are excessive, redundant, or otherwise unnecessary . . . ."  *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *see also Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).  A district court has substantial discretion when determining the reasonableness of attorney's fees.  *Hensley*, 461 U.S. at 437; *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000).

## II.    PETITIONER'S MOTION FOR ATTORNEY'S FEES

Petitioner seeks attorney's fees for three major categories of work.  First, Petitioner seeks fees for the preparation of Petitioner's Petition for a Writ of Habeas Corpus, including researching the specific facts of Petitioner's case and the effect of his visa and status.  (*See* Decl. of Joshua J. Rissman ("Rissman Decl.") ¶ 6, May 18, 2026, Docket No. 35.)  Second, Petitioner seeks fees for time spent related to the Petitioner's unreturned property—including, but not limited to, meetings with Petitioner, following up with Respondents regarding that unreturned property, analyzing the Court's order regarding return of property, attending the Court's hearing, retrieving Petitioner's property, filing an FTCA claim, following up with Respondents with respect to the FTCA claim (repeatedly), and drafting status reports for the Court.  (*See id.*)  Third, Petitioner seeks attorney's fees for the time spent researching, drafting, and preparing the reply brief to the motion seeking fees.  (Reply at 15, June 23, 2026, Docket No. 49; *see also* Decl. of Joshua J. Rissman ("Second Rissman Decl.") at ¶ 6, June 23, 2026, Docket No. 50.)

The Court will first address Respondents' argument that EAJA fees are not available for habeas cases and will then address each category of fees sought by Petitioner in turn.

### A.      EAJA Fees for Habeas Cases

Respondents argue that EAJA fees are not available for habeas cases challenging immigration detention because habeas petitions are not categorically civil actions.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . incurred by that party in any civil action." 28 U.S.C. § 2412(d)(1)(A). Although the Eighth Circuit has not expressly addressed whether the EAJA waives sovereign immunity, relevant case law strongly suggests that habeas petitions challenging immigration detentions are civil actions under § 2412(d)(1)(A). For example, in *Bah v. Cangemi*, the court affirmed a denial of attorney's fees because the Government's position was substantially justified. 548 F.3d 680, 684–85 (8th Cir. 2008). That is, the court "proceeded on the unchallenged assumption that habeas petitions challenging civil immigration detention fall with § 2412(d)(1)(A)'s scope." *Sao V. v. Mullin*, Civ. No. 26-2520, slip op. at 2 (D. Minn. July 23, 2026) (citing *Bah*, 548 F.3d at 682, 685). The Court therefore considers EAJA fees to be available for habeas cases challenging immigration detention.[1]

---

[1] The Court acknowledges that the Supreme Court has granted a petition for writ of certiorari in *Montoya Palacios v. Liggins*, No. 25-1223, to hear argument on whether "any civil action" under 28 U.S.C. § 2412(d)(1)(A) includes an action seeking a writ of habeas corpus to challenge civil immigration detention. But until the Eighth Circuit or Supreme Court instructs this Court otherwise, the court will consider EAJA fees available in immigration habeas cases.

**B.      Fees for the Preparation of Petition**

Petitioner argues that he is entitled to attorney's fees for the preparation of Petitioner's habeas petition because he was the prevailing party and Respondents' position was not substantially justified because Petitioner would have been successful on at least one of his asserted grounds for relief.  Respondents argue that their position was justified because the Court ordered release based on its rejection of Respondents' reliance on 8 U.S.C. § 1225(b)(2), *Riky A.M.L.*, 2026 WL 452419 at *1, and the Eighth Circuit has subsequently held that Respondents' position was correct, *see Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

The Respondents are correct that their position was substantially justified with respect to their reliance on 8 U.S.C. § 1225(b)(2).  *See e.g.*, *Kadidiatou D. v. Easterwood*, Civ. No. 26-1218, 2026 WL 969017 (D. Minn. Apr. 10, 2026) (explaining why Respondents' position with respect to § 1225(b)(2) was substantially justified even though the vast majority of the courts addressing the issue disagreed with their position).  And it is true that the Court ordered release on the grounds that it had concluded that non-citizens who had entered the United States without inspection were not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See Riky A.M.L.*, 2026 WL 452419, at *1.

But it is also true that Respondents did not even address Petitioner's arguments that his detention violated the Fourth Amendment and the Due Process Clause of the Fifth Amendment to the US. Constitution.  (*See* Pet. ¶¶ 48–64, 72-81, Feb. 13, 2026, Docket No. 1; *see also* Federal Resp'ts' Resp. ("Resp."), Feb. 15, 2026, Docket No. 5.)

Petitioner alleged in his Petition that he was "arrested . . . without a warrant, and without probable cause that he was a flight risk." (Pet. ¶ 12.)  Respondents did not respond to this allegation nor submit any evidence to refute it.  (*See generally* Resp. (addressing only the argument that Petitioner is detained under § 1226(a) and not under § 1225(b)(2).) And judges in this District have repeatedly determined that a Petitioner's detention is unjustified when he or she was not served with a valid warrant before being detained. *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026).[2]

Because Respondents did not address all of Petitioner's grounds for relief, including arguments on which other petitioners had prevailed, the Court concludes that Respondents' position was not substantially justified in all aspects of the law.  The Court will award fees for Petitioner's counsel's preparation of Petitioner's petition.

As to Respondents' argument that "Petitioner's Counsel's allocation of time is not always sensible" (Resp. in. Oppos. at 12), the Court disagrees.  The Court has reviewed the time recorded and the accompanying billing narratives carefully and has also considered the circumstances under which the petition was filed.  The Court finds that the time spent was reasonable in part because this petition appears to be one of hundreds prepared and filed during Operation Metro Surge by lawyers with little or no immigration

---

[2] *See also Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701, at *2 (D. Minn. May 5, 2026); *Hector J.A.S. v. Shea*, Civ. No. 26-2242, 2026 WL 1243500, at *2 (D. Minn. May 6, 2026).

law experience.[3]  While the lawyers may have needed to spend more time on this case than a lawyer with more experience in immigration law, it was these lawyers' willingness to work outside their practice areas that provided detainees with essential and timely access to the courts.

### C.  Fees Related to the Petitioner's Missing Property

Petitioner further seeks attorney's fees related to the time counsel spent seeking the return of Petitioner's personal property and compensation for the property that was lost.  The Court will award fees for this time spent by counsel because the underlying government agency conduct that required the time investment was not substantially justified in fact.

Respondents "offer no explanation—beyond their statutory interpretation—for the material aspects of the agency conduct that gave rise to this action or for the delays and inconsistencies that followed." *Adriana M.Y.M. v. Easterwood*, Civ. No. 26-213, 2026 WL 1786122, at *2 (D. Minn. June 22, 2026).  As noted above, Respondents offer no explanation for why Petitioner was not served with a warrant.  And Respondents similarly offer no explanation for why Petitioner was not released with his personal property, as was required by the Court's order granting habeas relief.  In sum, the underlying

---

[3] *See e.g.*, Max Nesternak, *Lawyers filed over 1,000 lawsuits challenging immigrant detentions during Operation Metro Surge*, Minnesota Reformer (Feb. 19, 2026), https://minnesotareformer.com/2026/02/19/lawyers-filed-over-1000-lawsuits-challenging-immigrant-detentions-during-operation-metro-surge/ (last accessed July 29, 2026) [https://perma.cc/3XPY-ARJ2].

government agency conduct that led to Petitioner having to repeatedly petition the Court for the return of his personal property—including his identification documents, work permit, and tools—was not reasonable.  *See* 28 U.S.C. § 2412(d)(2)(D).

The Court will, therefore, award fees for the time Petitioner's counsel spent seeking the return of Petitioner's personal property and the fees stemming from the FTCA claim for the cost of the tools lost by Respondents.

### D.     Fees Related to the Filing of the Reply Brief

Finally, Petitioner further seeks attorney's fees for the time spent by Petitioner's counsel preparing a reply brief in support of his motion for attorney's fees.  A district court has "substantial discretion" when determining the reasonableness of attorney's fees. *Jarrett*, 211 F.3d at 1085.  The Court finds that it is not reasonable for Petitioner's counsel to be reimbursed for the fees spent in preparing an optional brief it sought leave of the Court to file.  (*See* Mot. Leave to File, June 15, 2026, Docket No. 45.)  The Court will decline to award fees for this time.

### E.     Fee Award

The EAJA sets a presumptive rate of $125 per hour, which may be adjusted for increases in the cost of living or other special factors.  28 U.S.C. § 2412(d)(2)(A).  Cost of living adjustments are appropriate where supported by the record.  *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Petitioner's requested base rate of $237.36 per hour reasonably reflects inflation since the statutory cap was set in 1996 and is consistent with adjustments for cost of living

that are commonly awarded in this district.  Accordingly, in addition to Petitioner's $5 in costs, the Court will award Petitioner $17,779.44 for the 66.50 hours of work documented in the First Rissman Declaration.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Riky A.M.L.'s Motion for EAJA Fees (Docket No. [32]) is **GRANTED in part** as follows:

    Petitioner is awarded $17,784.44 in reasonable costs and attorney's fees under the EAJA, 28 U.S.C. § 2412.

2. Respondents' Motion to Strike Pleading (Docket No. [51]) is **DENIED** as moot.


DATED:  August 4, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

- 12 -