**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RIKY A.M.L.,

Petitioner,

v.

TODD BLANCHE, *United States Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; and

DAVID VENTURELLA, *Acting Director, Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-1429 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION TO ENFORCE ORDER**

---

Joshua J. Rissman, **GUSTAFSON GLUEK PLLC**, Canadian Pacific Plaza, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Petitioner.

David W. Fuller and David R. Hackworthy, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

In February 2026, the Court granted Petitioner Riky A.M.L.'s Petition for Writ of Habeas Corpus and ordered his immediate release. At that time, the Court further enjoined Respondents from re-detaining the Petitioner under the same statutory theory, absent materially changed circumstances. Petitioner has recently been re-detained and asks that the Court enforce its prior Order and hold Respondents in contempt. Because

the Court concludes that the Petitioner has not been detained under the same statutory theory, it will deny the Petitioner's motion.

**DISCUSSION**

In January 2025, Petitioner Riky A.M.L. was detained by U.S. Immigration and Customs Enforcement ("ICE") officials. *Riky A.M.L. v. Bondi*, Civ. No. 26-1429, 2026 WL 452419, at *1 (D. Minn. Feb. 17, 2026). Respondents relied on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention, and the Court rejected that justification. *Id.*[1] The Court ordered Petitioner's immediate release and enjoined Respondents from re-detaining the Petitioner under the same statutory theory, absent materially changed circumstances. *Id.* at *2.

On August 12, 2026, officers of ICE/Office of Enforcement and Removal Operations served Petitioner with a Form I-200 Administrative Warrant and took Petitioner into custody. (*See* Decl. of Benjamin Northwood ¶ 8 & Ex. D, Aug. 19, 2026, Docket No. 66.) The warrant was directed to: "Any immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (*Id.*, Ex. D.)

Thus, in this instance, Petitioner is detained pursuant to 8 U.S.C. § 1226, not 8 U.S.C. § 1225(b)(2). *See also Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL

[1] The Court acknowledges that the Eighth Circuit later agreed with the Respondents' construction of 8 U.S.C. § 1225(b)(2). *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

1229701, at *1 (D. Minn. May 5, 2026) ("Respondents represented to Petitioner that his arrest was based on § 1226(a), the Court will hold Respondents to those representations.")

In short, Petitioner was not re-detained under the same statutory theory. The Court will, therefore, deny Petitioner's motion to enforce its prior order. If Petitioner still wishes to seek relief from his present detention, he should file a new petition for writ of habeas corpus.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Riky A.M.L.'s Motion to Enforce Order Granting Petition for Writ of Habeas Corpus and for Contempt (Docket No. [54]) is **DENIED**.

DATED: August 31, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge