**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RIKY A.M.L.,

Petitioner,

Civil No. 26-1429 (JRT/JFD)

v.

TODD BLANCHE, *United States Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; and

DAVID VENTURELLA, *Acting Director, Immigration and Customs Enforcement*,

Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S RENEWED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

---

Joshua J. Rissman, **GUSTAFSON GLUEK PLLC**, Canadian Pacific Plaza, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Petitioner.

David W. Fuller and David R. Hackworthy, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Riky A.M.L. was detained by U.S. Immigration and Customs Enforcement ("ICE") officials on August 12, 2026. (Renewed Verified Pet. for Writ of Habeas Corpus ("Renewed Pet.") ¶ 7, Sept. 1, 2026, Docket No. 69.) On September 1, 2026, Petitioner filed the instant Petition, alleging that his arrest and continued detention violate the Due Process Clause of the Fifth Amendment of the United States Constitution and the

Immigration and Nationality Act and its accompanying regulations. Because the Court concludes that ICE detained Petitioner pursuant to § 1226(a) based on Respondents' intent to remove him when Petitioner was not removable, the Court will order Petitioner's immediate release.

## BACKGROUND

### I. FACTS

Petitioner Riky A.M.L. has lived in Minnesota since 2006. (Renewed Pet. ¶ 2.) In August 2019, he was the victim of an aggravated robbery. (*Id.* ¶ 10.) In April 2020, he filed for a U-1 Visa. (*Id.* ¶ 11; *see also* Decl. of Josh Rissman ("Rissman Decl.") ¶ 12, Ex. 3. Aug. 17, 2026, Docket No. 56.) In August 2024, Petitioner and his wife were notified that the "petition for U nonimmigrant status is bona fide" and were granted deferred action for a period of four years. (Renewed Pet. ¶ 11; Rissman Decl., Ex. 3.)

In June 2025, Petitioner was arrested for carrying a BB gun in a public place, driving without a valid license, and operating a motor vehicle without insurance. (Rissman Decl. ¶ 1, Ex. 1; *see also* Decl. of Benjamin Northwood ("Northwood Decl.") ¶ 6, Aug. 19, 2026, Docket No. 66.)

On January 5, 2026, Petitioner was detained by ICE officials. *Riky A.M.L. v. Bondi,* Civ. No. 26-1429, 2026 WL 452419, at *1 (D. Minn. Feb. 17, 2026). On February 13, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, seeking release. (Docket No. 1) At that time, Respondents relied on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. *Id.*

On February 15, 2026, Petitioner was served with a Notice to Appear. (Northwood Decl. ¶¶ 5, 10 & Ex. A.) The Notice to Appear indicates that Petitioner is "an alien present in the United States who has not been admitted or paroled." (*Id.*, Ex. A.) The Notice to Appear does not mention Petitioner's deferred action status, pursuant to his U-1 Visa application.

On February 17, 2026, the Court granted Petitioner's initial habeas petition and ordered Petitioner's immediate release. *Riky A.M.L.*, 2026 WL 452419, at *1. The Court granted release because it concluded that § 1225(b)(2) does not authorize the mandatory detention of an individual already present in the United States.[1]

On August 11, 2026, Dakota County Sheriff arrested Petitioner on a warrant-related to his arrest on June 4, 2025. (Northwood Decl. ¶ 6.) On August 12, 2026, Petitioner pled guilty in Dakota County District Court to carrying a BB gun in a public place in violation of Minnesota Statute § 624.7181.2, driving without a license, and driving a motor vehicle without insurance. (Renewed Pet.¶ 7; *see also* Rissman Decl. ¶ 10, Ex. 1; Northwood Decl. ¶ 6.) Petitioner was sentenced to probation and time served. (Renewed Pet.¶ 7; *see also* Decl. of Xiong Lee ("Lee Decl.") ¶ 7, Ex. 1 ("Notice of Intent to Deny") at 3, Sept. 4, 2026, Docket No. 73.)

That same day, August 12, 2026, at the Dakota County Jail, ICE/Office of Enforcement and Removal Operations ("ERO") served Petitioner with a Form I-200

[1] The Court acknowledges that the reasoning relied on in this opinion was rejected by the Eighth Circuit in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

Administrative Warrant and took Petitioner into custody. (Northwood Decl. ¶ 8.) The warrant was directed to: "Any immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (*Id.*, Ex. D.)

On August 18, 2026, ICE/ERO submitted a request to U.S. Citizenship and Immigration Services ("USCIS") to expedite the review of Petitioner's application for a U-1 Visa. (Lee Decl. ¶ 4.) On August 25, 2026, USCIS issued Petitioner a Notice of Intent to Deny his application for a U-1 Visa. (*Id.* ¶ 5.) Petitioner has until September 27, 2026, to respond and submit evidence before USCIS makes a final decision. (*Id.*)

Petitioner is currently being detained at the Sherburne County Jail. (Rissman Decl. ¶ 4.) ICE/ERO has filed a Form I-286 with the Immigration Court to schedule a bond hearing. (Resp. at 4, Sept. 4, 2026, Docket No. 72; *see also* Lee Decl. ¶ 7, Ex. B.)

## II. PROCEDURAL HISTORY

On August 17, 2026, Petitioner filed a Motion to Enforce Order (Docket No. 54), arguing that his current detention violated the Court's February 17, 2026 Order Granting Petitioner's Petition for Writ of Habeas Corpus. In that order, in addition to ordering the Petitioner's immediate release, the Court had also enjoined Respondents from re-detaining the Petitioner under the same statutory theory, absent materially changed circumstances. The Court concluded, however, that the Petitioner has not been detained

under the same statutory theory, and it denied the Petitioner's motion. *Riky A.M.L. v. Blanche*, Civ. No. 26-1429, 2026 WL 2568789, at *1 (D. Minn. Aug. 31, 2026).

On September 1, 2026, Petitioner filed the instant Petition. (*See generally* Renewed Pet.) Respondents submitted a response (Docket No. 72), and Petitioner replied (Docket No. 74).

## DISCUSSION

### I. JURISDICTION

Respondents argue that this Court lacks subject matter jurisdiction because Petitioner was previously released, judgment was entered, and Petitioner has now submitted an amended Petition. Because the Court would have jurisdiction if Petitioner had filed the present Petition as a new case, under a new docket number, the Court considers that it also has jurisdiction to consider Petitioner's current Petition. *See, e.g. Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that "absent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States") (citing U.S. Const. art. 1., § 9, cl. 2).

### II. REMOVABILITY

Here, Respondents' asserted basis for detaining Petitioner is 8 U.S.C. § 1226(a).[2] Section 1226 provides that "an alien may be arrested and detained pending a decision on

---

[2] Respondents assert that "the Court already concluded that Petitioner is subject to detention under Section 1226(a)[.]" (Resp. at 5.) The Court made no such conclusion. The Court

whether the alien is to be removed from the United States." That is, Petitioner's detention is based on Respondents' intent to remove him.

But USCIS granted Petitioner deferred action for a period of four years in August 2024. (Renewed Pet. ¶ 11; Rissman Decl., Ex. 3.) To be sure, "deferred action or parole may be terminated at the discretion of USCIS." 8 C.F.R. § 214.14(d)(3). But Respondents have presented no evidence that USCIS has revoked Petitioner's deferred action. USCIS has issued Petitioner a Notice of Intent to Deny his application for a U-1 Visa (Lee Decl. ¶ 5 & Ex. A), but this Notice does not indicate that Petitioner's deferred action has been revoked.

The Court concludes that Respondents cannot arrest or detain Petitioner "pending a decision on whether the alien is to be removed from the United States" under § 1226(a) when Petitioner is not currently removable.[3] Yet Petitioner was, nevertheless, detained pursuant to 8 U.S.C. § 1226. (*See* Northwood Decl., Ex. D.)

---

previously concluded that Petitioner was detained pursuant to § 1226, not § 1225(b)(2), *Riky A.M.L. v. Blanche*, 2026 WL 2568789, at *1; the Court did not conclude that Petitioner is "subject to detention" under § 1226(a).

[3] *See Garcia Lanza v. Noem*, 822 F. Supp. 3d 326, 334 (E.D.N.Y. 2026) (concluding that a petitioner's arrest and detention by ICE when he was the beneficiary of an unexpired four-year period of "deferred action" was "illegal and in violation of his rights"); *Acosta de Mata v. Sullivan*, 832 F. Supp. 3d 1338, 1357 & 1359 (N.D. Ga. 2026) (concluding that USCIS's grant of deferred action status to Petitioner creates an interest that is protected by due process and Respondents' threatened actions of detaining and removing Petitioner from the United States without meaningful notice and hearing, violated the Due Process Clause of the Fifth Amendment); *Walter A. v. Berg*, Civ. No. 25-4720, 2025 WL 3707593, at *4(D. Minn. Dec. 22, 2025) (concluding that deferred action status awarded as a result of Special Immigrant Juvenile Status precludes removal while it remains in effect).

Because the record demonstrates that ICE detained Petitioner pursuant to § 1226(a) when Petitioner was not currently removable, the Court concludes that Petitioner's detention is unlawful. *See, e.g.*, *Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701, at *3 (D. Minn. May 5, 2026) (concluding that when ICE unlawfully arrests and detains a petitioner, release is the proper remedy).

In their Response, Respondents "first move this Court to dismiss or alternatively hold in abeyance [the Renewed Petition], as Petitioner is getting all the process due him via a bond hearing." (Resp. at 1.) The Court will deny this motion because it finds that immediate release, not a bond hearing, is the proper remedy.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Respondents' Motion to Dismiss/Hold in Abeyance (Docket No. [72]) is **DENIED**.
2. Petitioner Riky A.M.L.'s Renewed Verified Pet. for Writ of Habeas Corpus (Docket No. [69]) is **GRANTED IN PART** as follows:
    a. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 24 hours from the filing of this Order**.
    b. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without any new conditions**. Respondents must also coordinate with Petitioner's counsel to ensure safe release.

c. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 12:00 p.m. on September 18, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: September 16, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge